UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN GIRLING,

    Plaintiff,

v.                                                Case No: 2:16-cv-38-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Uncontested Supplemental Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) [sic] (Doc. 35) filed on November 2, 2017. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a supplemental award of attorney's fees in the amount of $550.00.[1] Doc. 35 at 1. Plaintiff indicates that his counsel spent an additional 2.85 hours to research Defendant's objections to Plaintiff's Petition for EAJA Fees and prepare a reply. *Id.* Plaintiff represents that the Commissioner does not oppose the motion or relief requested. *Id.* at ¶14. For the reasons stated herein, the motion is due to be granted.[2]

On October 3, 2016, this Court entered an Order reversing and remanding

---

[1] Although Plaintiff requests $550.00, the appropriate amount payable when using a rate of $192.50 for a time period of 2.85 hours is $548.63.

[2] The Court will grant Plaintiff's motion, but will adjust the total amount awarded to $548.63 based on a rate of $192.50 for a time period of 2.85 hours.

Plaintiff's case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 26. Judgment was entered on October 7, 2016. Doc. 27. Plaintiff then filed a motion for Attorney's Fees pursuant to the EAJA. Doc. 28. On November 29, 2016 the Commissioner filed a Response opposing Plaintiff's Motion for Attorney's Fees. Doc. 29. The Commissioner argued that the number of hours expended by Plaintiff's counsel was unreasonable in light of the simplicity of the issues and Plaintiff's counsel's many years of experience. *See generally*, Doc. 29. Plaintiff requested leave to file a reply (Doc. 30), which was granted (Doc. 31). Plaintiff's Reply argued in part that Counsel's fees were reasonable as most social security appeals require between twenty and forty hours of work, and Plaintiff's counsel spent 38.3 hours in total writing the brief and preparing the initial petition. Doc. 32 at 1-2.

On October 6, 2017 the Court issued an order finding that Plaintiff's requested fees were unreasonable and awarded Plaintiff fees in the amount of $5,733.10, representing a reduction of $1,651.56 from the Plaintiff's requested fees of $7372.75 plus $12.00 in paralegal fees. Doc. 33 at 1, 7. Plaintiff now requests an additional $550.00 in attorney's fees for the 2.85 hours that Plaintiff's counsel spent preparing its reply to the Commissioner's objections. Doc. 35 at 1. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA[3], and the Court finds that all conditions have been met.

---

[3] Because the Commissioner does not contest that Plaintiff meets the requirements under the EAJA, the Court interprets this as a concession that Plaintiff was a prevailing party, the Government's position was not substantially justified, and no special circumstances exist which would make the award of fees unjust. The Court notes, however,

Under the EAJA, a prevailing party is eligible for an award of litigation costs in any civil action brought against any agency or any official of the United States acting in his or her official capacity. 28 U.S.C. § 2412(a). Under the EAJA, a claimant is also eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

---

that the Court reduced Plaintiff's attorney's fees based on the Commissioner's motion (Doc. 33 at 1, 7), and the Court would have considered this in determining Plaintiff's eligibility for a supplemental award had the Commissioner objected.

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed in 2016. Doc. 35 at 3. Because the Commissioner does not object to the adjusted hourly rate sought, and the adjusted hourly rate sought is within the rates permitted by the EAJA, the Court finds that $192.50 per hour is an appropriate and reasonable hourly rate for attorney time. Plaintiff's counsel also has included exhibits of total compensable time spent by on this matter (Doc. 35 at 17) confirming a total of 2.85 hours of attorney time. After reviewing the description of the services provided, the Court also concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 28 U.S.C. 2312(d) [sic] (Doc. 35) is **GRANTED**. Attorney's fees in the amount of $548.63 shall be awarded to Plaintiff pursuant to the 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $548.63 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record