UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN GIRLING

    Plaintiff,

v.                                                      Case No: 2:16-cv-38-FtM-CM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed on February 13, 2018. Doc. 39. Plaintiff's counsel, Carol Avard, requests an award of $30,624.75 in attorney's fees pursuant to 42 U.S.C. § 406(b), representing 25% of the balance of Plaintiff's past-due Social Security disability benefits. Doc. 39 at 1-2. For the reasons stated herein, the Petition is granted.

In March 2012, Plaintiff retained Ms. Avard's firm to represent him on his yet-to-be-filed claim for Social Security disability benefits. *Id.* at 3. Plaintiff's claim was denied by the Social Security Administration, and after a hearing in December 2013, an Administrative Law Judge ("ALJ") issued an unfavorable decision in July 2014. *Id.* Plaintiff filed an appeal with the Appeals Council in August 2014, which issued an unfavorable decision in December 2015. *Id.* Plaintiff then filed a Complaint in this Court in January 2016; and on October 3, 2016, the Court granted the

Commissioner of Social Security's ("Commissioner") Unopposed Motion for Entry of Judgment with Remand. Docs. 1, 26; *see also* Docs. 25, 39 at 3. Plaintiff had a second hearing before the ALJ on October 2, 2017 and received a fully favorable decision on December 12, 2017. Doc. 39 at 3-4. The ALJ awarded disability benefits for the period of September 2012 through January 2018. *Id.* at 4. On January 16, 2018, the Social Security Administration issued the Notice of Award demonstrating that $122,496.00 in disability benefits was due to Plaintiff. Docs. 39 at 3-4, 39-2.

There are three statutory provisions under which attorneys representing claimants in social security disability cases may be compensated: 42 U.S.C. § 406(a), § 406(b) and 28 U.S.C. § 2142(d) (the "EAJA"). Section 406(a) provides for fees for work done before the Commissioner at the administrative level, paid out of the claimant's past-due benefits awarded, which is capped at 25% of the past-due benefits or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II). For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA.[1] Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).[2]

---

[1] The EAJA permits a *claimant* to seek an award of fees against the Government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A).

[2] The EAJA has a "Savings Provision" which "prevents attorneys from receiving double recovery under both the EAJA and § 406(b)." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010). Pursuant to the Savings Provision, attorneys who collect EAJA and § 406(b) fees for the same work must refund the smaller of the two fees to their client.

Plaintiff was awarded $6,281.73 in attorney's fees under the EAJA (Docs. 33, 37). His counsel now seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* § (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. *See Gisbrecht*, 535 U.S. at 807. In *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b). *See id.*

As noted, Plaintiff was awarded past-due disability benefits in the amount of $122,496.00. Doc. 39 at 3. Ms. Avard timely filed the present Petition pursuant to

---

See *id.* at 1271, 1273 (observing that Savings Provision furthers the EAJA's purpose of increasing "the portion of past-due benefits the successful Social Security claimant may pocket" (citation and quotation marks omitted)).

42 U.S.C. § 406(b) seeking an award of the balance of the 25%, $30,624.75, for representation of Plaintiff before this Court. *Id.* at 1 Doc. 39 at 1-4; *see also* Doc. 39-1. In support of the Petition, Plaintiff provides the fee agreement between Ms. Avard and Plaintiff, which states that Ms. Avard "may charge 25% of retroactive benefits pursuant to [§] 406(b) subject to approval by the Court, representing work done before the Federal Court." Doc. 39-3. As noted, the Commissioner does not oppose Plaintiff's Petition for fees. Doc. 39 at 2. Petitioner recognizes she must refund to Plaintiff the smaller fee if awarded fees under both the EAJA and § 406(b). Doc. 39 at 5.

Petitioner contends that the amount of the fee requested is reasonable under § 406(b) and *Gisbrecht*, 535 U.S. 789. "A fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *McGuire*, 873 F.2d at 981. Finally, "because [§] 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17. The Commissioner is not opposed to the rate or the amount sought. Upon review of the case, the Court finds that the amount is reasonable.[3] The

---

[3] Although the Court reduced the attorney and paralegal hours when considering the motion for attorney's fees under the EAJA (Doc. 33), the Court has considered the hours spent

fee is consistent with that agreed to by Plaintiff and is uncontested by the Commissioner.

ACCORDINGLY, it is

**ORDERED:**

1. Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 39) is **GRANTED.**

2. Attorney fees in the amount of **$30,624.75** are awarded to attorney Carol Avard and may be paid directly to counsel.

3. The **$6,281.73** awarded under the EAJA (Docs. 33, 37) is to be refunded to Plaintiff.

4. The Clerk is directed to enter a judgment as to attorney's fees in the amount of **$30,624.75** under 42 U.S.C. § 406(b).

---

when determining the reasonableness under § 406(b) and does not find such a reduction or the same type of analysis to be controlling under § 406(b) and *Gisbrecht*. The Court has reviewed the contingent fee agreement for reasonableness and finds it does not exceed 25% of accrued benefits. The Court finds no reason to reduce the amount claimed, as the Supreme Court has found to be appropriate by courts in some instances based on "the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. Instead, the character of representation and results achieved here support the requested award, and the Commissioner does not oppose the award. Furthermore, there is no showing of delay by Ms. Avard in this case, or other factors justifying a reduction. Instead, the Court finds persuasive the opinions of other district courts in the Eleventh Circuit which primarily focused on the contingency fee agreement when determining reasonableness. *See e.g., Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008 WL 783634, at *2 (M.D. Fla. Mar. 21, 2008) (noting "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . ."); *McKee v. Comm'r*, 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 30, 2008) ("[C]ourts should not convert contingent fee awards into hourly rate 'equivalents' and apply standard lodestar approaches."); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. Feb. 18, 2005) ("The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness").

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record